IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-124-FL

| | |
|---|---|
| MELISSA L. STODDARD, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> ) </br> MICHAEL J. ASTRUE, ) </br> Commissioner of Social ) </br> Security, ) </br> ) </br> Defendant. ) </br> _____ ) | **MEMORANDUM &** </br> **RECOMMENDATION** |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-29 & 32). The time for filing any responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-32) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on July 21, 2008 alleging that she became unable to work on May 2, 2008. (Tr. 10). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled

1

during the relevant time period in a decision dated May 28, 2010. *Id.* at 10-19. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on May 12, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on June 17, 2011. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

2

1456 (4th Cir. 1990).

**<u>Analysis</u>**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) orthostatic hypotension; 2) depression; 3) anxiety; 4) panic disorder; 5) post traumatic stress disorder; 6) obsessive compulsive disorder; and 7) headaches. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id* at 13. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 14. Specifically, the ALJ found that:

3

> claimant has the residual functional capacity to perform sedentary work or work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledges, and small tools. Although a sedentary job is defined as one, which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. The claimant can handle routine changes in a work environment with no interaction with the public; however, she can handle occasional interaction with co-workers and supervisors. The claimant would have low production levels, but should avoid even moderate exposure to hazards or climbing of ladders, ropes, or scaffolds and only occasional climbing of ramps or stairs.

*Id.* at 14.

The ALJ then determined that Plaintiff was unable to perform her past relevant work. *Id.* at 17. However, based upon the testimony of a vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 18. Accordingly, the ALJ determined that Plaintiff was not under a disability through her date last insured. *Id.* at 18-19. The undersigned has reviewed the entire record and finds that these determinations were supported by substantial evidence.

For example, Plaintiff was examined by Dr. Jerome Albert on November 6, 2008. *Id.* at 336. During this examination Plaintiff's thinking was coherent and focused. *Id.* at 337. She demonstrated moderate depression. *Id.* Plaintiff stated that Xanax helps her panic attacks. *Id.* Dr. Albert determined that Plaintiff could: 1) sustain attention to perform routine repetitive tasks mentally and intellectually; 2) get along with fellow workers and supervisors; and 3) tolerate the stress and pressures associated with day-to-day functioning if her hypoglycemia was stabilized. *Id.* at 338. In addition, Dr. Albert opined that Plaintiff's depression and anxiety did not indicate a lack of vocational functioning. *Id.*

Dr. Tin T. Le examined Plaintiff on November 11, 2008. *Id.* at 340. She denied panic

4

attack or depression and was not taking any medication for those conditions.  *Id.* at 341.  Plaintiff was able to ambulate without difficulty and had full muscle strength.  *Id.* at 341-342.  After his examination, Dr. Le determined that Plaintiff's prognosis was "stable" and that she was not suffering from any impairment that would affect her ability to perform normal daily tasks.  *Id.* at 342.

On November 17, 2008, Dr. Banu Krishnamurthy determined that Plaintiff's depression and anxiety did not precisely meet the diagnostic criteria of any listed impairment.  *Id.* at 362, 364.  It was determined that Plaintiff was only mildly limited in her activities of daily living and in her ability to maintain social functioning.  *Id.* at 369.  Plaintiff was deemed moderately limited in her ability to maintain concentration, persistence or pace.  *Id.*  Likewise, Dr. Krishnamurthy opined that evidence does not establish the presence of the "C" criteria.  *Id.* at 370.  In assessing Plaintiff's mental RFC, Dr. Krishnamurthy indicated that Plaintiff was not significantly limited in 15 categories and only moderately limited in five others.  *Id.* at 373-374.  Finally, Dr. Krishnamurthy opined that Plaintiff:  1) is able to maintain attention/concentration for two hours at a time as required to perform simple routine repetitive tasks; 2) would be able to take direction from a supervisor and interact appropriately with others; and 3) would be able to adapt to routine changes in the work place.  *Id.* at 375.

Plaintiff's physical RFC was assessed on November 19, 2008.  *Id.* at 377.  It was determined that she could:  1)  occasionally lift or carry 50 pounds; 2) frequently lift or carry 25 pounds; 3) stand or walk for a total of about six hours in an eight hour workday; and 4) sit for a total of about six hours in an eight hour workday.  *Id.* at 378.  No postural, manipulative, visual, communicative, or environmental limitations were noted.  *Id.* at 379-381.  Dr. Robert Pyle made similar findings on February 11, 2009.  *Id.* at 435-442.

5

Dr. W.W. Albertson assessed Plaintiff's mental RFC on February 11, 2009 and determined that Plaintiff was not significantly limited in most of her abilities. *Id.* at 443-444. Plaintiff was deemed no more than moderately limited in any area of functioning. *Id.* Furthermore, Dr. Albertson opined that Plaintiff could perform simple, routine, repetitive tasks in a low stress setting with limited social interaction. *Id.* at 445. Plaintiff was only mildly restricted in her activities of daily living. *Id.* at 461. Ultimately, Dr. Albertson opined that Plaintiff's depression and anxiety did not precisely satisfy the diagnostic criteria of any listed impairment. *Id.* at 454, 456.

On October 8, 2009 Dr. Stacey Rawls noted that Plaintiff's anxiety symptoms were "less frequent or less intense, and are felt to be improved." *Id.* at 477. At Plaintiff's January 2010 appointment with Dr. Rawls, Plaintiff reported that she was improving and that her panic attacks were decreasing. *Id.* at 488. She was advised to return in six months. *Id.*

Plaintiff asserts that the ALJ erred in assessing Plaintiff's mental impairments and RFC. (DE-29-1, pg. 7, 10). On the contrary, however, the ALJ properly considered all relevant evidence, including the evidence favorable to Plaintiff, weighed conflicting evidence, and fully explained the factual basis for his resolutions of conflicts in the evidence. Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. The substantial evidence supporting the ALJ's determinations has already been summarized. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. <u>Craig</u>, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit.

6

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-32) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, May 14, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE