IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:11-CV-124-FL

| | |
|---|---|
| MELISSA L. STODDARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 29, 32). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") (DE # 37) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R to which defendants have not responded, and the time within which to do so has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

On July 21, 2008, plaintiff filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging a disability onset date of May 2, 2008. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed. Hearing was held before Administrative Law Judge ("ALJ") Michelle

Cavadi on May 3, 2010. Plaintiff was represented by counsel, and a vocational expert ("VE") testified. On May 28, 2010, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on May 12, 2011. Plaintiff filed her complaint in this court on June 17, 2011, seeking review of the final administrative decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The ALJ's findings of fact are not binding if they were based upon an improper standard or misapplication of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

2

explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

B.   Analysis

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: orthostatic hypotension, depression, anxiety, panic disorder, post traumatic stress disorder, obsessive compulsive disorder, and headaches. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: no interactions with the public, occasional interaction with co-workers and supervisors, low production levels, no exposure

to hazards or climbing of ladders, ropes, or scaffolds, and only occasional climbing of ramps or stairs. At step four, the ALJ determined that plaintiff could not perform her past relevant work, but determined at step five that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy.

Plaintiff objects to the magistrate judge's conclusion that the ALJ properly determined plaintiff had the residual functional capacity to perform sedentary work. (Obj. 3-5). Plaintiff raises several arguments in the course of this objection. First, plaintiff contends the ALJ did not consider Social Security Ruling ("SSR") 96-9p, which outlines the mental activities generally required for competitive, remunerative, unskilled work. (Obj. 4). Second, plaintiff suggests the ALJ failed to properly consider her testimony regarding her claimed limitations. (Id.). Third, plaintiff argues the ALJ failed to properly account for VE testimony that someone with all of plaintiff's claimed limitations would be unable to work. (Id. at 5). Finally, plaintiff argues that the ALJ failed to properly consider medical evidence supporting a finding of disability. (Id.). For the reasons that follow, the court overrules plaintiff's objections and adopts the recommendation of the magistrate judge.

1. Consideration of the SSR 96-9p factors

Plaintiff claims the ALJ erred in not considering SSR 96-9p factors in making her RFC determination. An ALJ's findings of fact are not binding if they were based upon an improper standard or misapplication of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). SSR 96-9p outlines four mental activities generally required for unskilled work: 1) understanding, remembering, and carrying out simple instructions; 2) making judgments that are commensurate with the functions of unskilled work; 3) responding appropriately to supervision, coworkers, and

4

usual work-situations; and 4) dealing with changes in a routine work setting. SSR 96-9p, 1996 WL 374185 (July 2, 1996). A substantial loss of ability to perform these any of these activities justifies a finding of disability. Id. See Cook v. Astrue, No. 2:10CV91, 2011 WL 1157880 at *14 (N.D. W.Va. Mar. 9, 2001) ("A substantial loss of the ability to deal with changes in a routine work setting would justify a finding of disability, as this mental activity is generally required by competitive, remunerative, unskilled work.") (quotations omitted).

In this case, plaintiff asserts that the ALJ failed to consider the above SSR 96-9p factors. Plaintiff contends she is disabled under the third and fourth factors relating to routine work setting and dealing with supervisors and co-workers. Contrary to plaintiff's argument, the ALJ specifically considered those two factors in reaching her RFC determination. In particular, the ALJ found that "claimant can handle routine changes in a work environment . . . [and] occasional interaction with co-workers and supervisors." (Tr. 14). Although the ALJ did not cite SSR 96-9p in her decision, the above language shows she considered the factors of SSR 96-9p that bear on plaintiff's mental impairments and that plaintiff maintains require a finding of disability. Thus the ALJ applied the proper legal standard.

2. Plaintiff's credibility

Plaintiff next suggests that her hearing testimony, if properly considered, shows she does not have the ability to deal with co-workers, supervisors, or routine changes in a work setting, under SSR 96-9p. She cites her testimony that she has a short attention span, emotional outbursts, crying spells, fear of being around people, and difficulty with concentration. (Tr. 39). She also cites her testimony that she has a fear of being outside the home, and that she is heavily sedated by her medication. (Tr. 45-46). The ALJ determined, however, that plaintiff's testimony regarding the

5

severity of her symptoms was not credible, in light of all the evidence in the record. (Tr. 14-15). Plaintiff has not specifically objected to the ALJ's credibility finding, and the court finds that the ALJ properly evaluated plaintiff's credibility based upon the medical evidence in the record.

The court is not permitted to make credibility assessments, but must instead determine if the ALJ's credibility assessment is supported by substantial evidence. Craig, 76 F.3d at 589. An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See id. at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (unpublished) (citing Craig, 76 F.3d at 591-96). Here, the ALJ found such impairments, and no error is alleged with respect to the first step. "Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Id. The ALJ must consider the entire record in making this determination, and may not discredit a claimant's testimony regarding the intensity and persistence of her symptoms solely because the objective medical evidence does not substantiate that testimony. See 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." Id.

In this case, the ALJ's credibility determination is supported by substantial evidence relating to the SSR 96-9p factors. As an initial matter, although plaintiff's depression and anxiety disorder with panic attacks date back to 1990s, (see Tr. 326-27), plaintiff continued to work despite these impairments. (See Tr. 26-28). For example, she was variously employed from April, 2001, until May 2, 2008, as a shift supervisor at a gas station, working in retail sales, as a telemarketer, and as

a home health aide. (Tr. 26-28). In addition, in examining plaintiff on November 6, 2008, Dr. Jerome Albert found plaintiff capable of "get[ting] along with fellow workers and supervisors." (Tr. 338). He also found that, with stable physical conditions, she could tolerate stress and work related pressures. (Id.).

Likewise, in a consultative examination with Dr. Tin T. Le on November 11, 2008, plaintiff reported that medication helped her panic attacks. (Tr. 340). Plaintiff also reported she was not currently on medication for any mental condition as did not have panic attacks or depression at the time. (Tr. 341). Dr. Le described plaintiff's prognosis as stable. (Tr. 342). Finally, Dr. Stacey Rawls performed a psychiatric evaluation on plaintiff and diagnosed her with post traumatic stress disorder, anxiety disorder, and obsessive-compulsive disorder. (Tr. 468). In follow-up appointments with Dr. Rawls, plaintiff reported her panic attacks had decreased in frequency and intensity, and that her depression was not as bad. (Tr. 488). She also reported her medication had no side effects. (Id.). Thus the court finds the ALJ's credibility assessment was supported by substantial evidence, and that consideration of the factors in SSR 96-9p do not compel a finding of disability.

3. The vocational expert's testimony

Plaintiff also argues the ALJ erred in her disability determination because the VE testified that someone with all of plaintiff's claimed limitations would be unable to work. The VE's testimony, however, does not contradict the ALJ's disability determination. Although the VE noted that there were no jobs available for someone with all of plaintiff's claimed limitations, the VE testified in pertinent part someone with the limitations found by the ALJ could perform substantial work. Under Fourth Circuit law, the VE's testimony need only reflect the limitations the ALJ has

7

properly determined apply to the claimant. Johnson, 434 F.3d at 659; see also, Taylor v. Astrue, 2011 U.S. Dist. LEXIS 45523, 32-33 (E.D.N.C. Mar. 23, 2011) ("[T]he ALJ need only include in his questioning those impairments which the ALJ has found to be credible."). Thus, the VE's answer to the question concerning plaintiff's claimed disabilities is not relevant to the ALJ's disability determination.

    4.    The medical evidence

Finally, plaintiff claims that medical records from her third appointment with Dr. Rawls, which took place on January 8, 2010, support her claim that she is disabled due to her mental impairments. Plaintiff points out that she reported continuing panic attacks and depression, and Dr. Rawls prescribed increased dosages of Prozac and added Seroquel to plaintiff's medications. (Tr. 488-89). However, as the ALJ noted, during the same appointment Dr. Rawls observed that plaintiff's anxiety and depression had improved. (Tr. 488). Furthermore, plaintiff points to no evidence that this impairment limited her functioning beyond that determined by the ALJ. The existence of impairments is a separate issue from the possible limitations those impairments may impose. See Thompson v. Astrue, 442 Fed. App'x. 804, 806 (4th Cir. 2011) (affirming, *inter alia*, an ALJ's decision that plaintiff's depression and anxiety did not impose disabling limitations). Where substantial evidence supported the ALJ's decision that plaintiff's mental impairments did not dictate a finding of disability, as noted above, the court will not undertake to re-weigh the evidence here. Craig, 76 F.3d at 589. Accordingly the court overrules plaintiff's objection with respect to the ALJ's treatment of Dr. Rawls' examination records.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 32), DENIES plaintiff's motion for judgment on the pleadings (DE # 29), and affirms the final decision of the Commissioner. The clerk is directed to close this case.

SO ORDERED this the 28th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge